The STATE of Ohio, Appellee,

v.

PHILLIPS, Appellant.

[Cite as *State v. Phillips* (1991), 77 Ohio App.3d 663.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 12299.

Decided Oct. 11, 1991.

*Lee C. Falke,* Prosecuting Attorney, and *Ted E. Millspaugh,* Assistant Prosecuting Attorney, Appellate Division, for appellee.

*Ronald E. Reichard,* for appellant.

---

MCBRIDE, Judge.

Appellant Eric Phillips was indicted, found guilty by the jury, and sentenced on five counts of knowingly attempting to cause physical harm to another, by means of a deadly weapon, a firearm, contrary to R.C. 2903.11(A)(2). A firearm specification accompanied each count.

The charges resulted from a drive-by shooting spree on or about Oxford Avenue in the city of Dayton, Montgomery County, Ohio, on April 13, 1990. After threats were made many shots were discharged at random at a group of persons and buildings. Appellant and his brother drove on Oxford Avenue and randomly fired shots at several buildings (spent shells were found inside) and at persons.

The issues raised in this appeal are questions of law. No issue has been made of the weight of the evidence.

"1. The trial court erred by not dismissing the indictment as against Eric Phillips as unconstitutionally vague."

The language in the five counts in the indictment is identical and follows the form used in the statute. The identity of the five victims was not disclosed and was not revealed until a few days before trial when at appellant's request a bill of particulars was filed by the prosecutor. The constitutional issue was not raised or argued in the trial court and it is not likely that it would have been successful.

We agree with appellant that if a vital element is omitted from an indictment, the indictment is defective. In this case all elements are present even though the names of the specific victims were not given. In crimes of personal violence the identity of the victim rarely affects the identity of the crime. It would, of course, if the crime were upon a public officer specified in the statute. The same is true in drug offenses where the identity of the substance is an essential element. *State v. Headley* (1983), 6 Ohio St.3d 475, 6 OBR 526, 453 N.E.2d 716.

Appellant argues that use of the word "knowingly" in the statute is critical; however, this language applies to the activity of the defendant when he pointed the weapon and fired the shots. Whether or not he knew the identity of the victim is not a vital element. *State v. Williamson* (Mar. 29, 1988), Ashland App. No. CA–883, unreported, 1988 WL 38028.

■ In this state the language of an indictment may be in the words of the statute. It may be in ordinary and concise language and need not contain any allegation not essential to the offense. Crim.R. 7(B). Evidential circumstances may be discovered by way of a bill of particulars, as was done in this case.

The appellant offered evidence of an alibi, which points to the fact that in any event there could be no prejudice to any substantial right. Identity of the victims was not vital or material to his defense.

There is no merit to this assignment of error.

"2. The trial court erred by failing to apply Ohio Revised Code Section 2923.02(E) to either the jury charge and/or the jury verdict and/or its sentencing considerations."

■ Appellant relies upon the general attempt statute, which provides under appropriate circumstances for an offense of a lesser degree. However, what cannot be ignored is that when a deadly weapon is involved the statute under which he was indicted includes an attempt to cause physical harm to another by means of a deadly weapon. Under R.C. 2903.11 an attempt with a deadly weapon is a complete offense. The general attempt language in R.C. 2923.02 has no application in this case.

■ This assignment is denied. *State v. Green* (1991), 58 Ohio St.3d 239, 569 N.E.2d 1038. The act of pointing a deadly weapon at another coupled with a threat is sufficient to convict under R.C. 2903.11(A)(2). In the instant case appellant took a more substantial step of discharging his firearm repeatedly at a group of children and into residences. The *Green* opinion reflects the recognition by the court of the effort by the legislature in the Criminal Code to curb the unlawful use of dangerous weapons. By definition attempt to cause harm by means of a deadly weapon is elevated to a principal offense even though no harm results.

"3. The trial court erred by failing to strike Carl Haemmerle's testimony identifying the source of certain cartridges without proper predicate and/or foundation."

■ Appellant alleges error by the court when the trial judge was given no opportunity to resolve the question of the admission of evidence. The problem arose when the weapons expert answered the final question before he was asked if he had an opinion and if it was based upon reasonable scientific

certainty. The conditions upon which the opinion was based were promptly elicited and no error or harm resulted. Crim.R. 33(E)(3); Evid.R. 103(A). Appellant has failed to demonstrate how he was damaged by the voluntary response of the witness when the record immediately indicates that his response was proper.

The language of this assignment of error includes the "source of certain cartridges"; however, if the chain of custody was intended, such subject was not presented or argued and it is considered as waived. The casings were collected by those who were present and delivered to a detective the next morning.

There is no merit to this assignment of error.

"4. Defendant-appellant was denied his constitutional right to the effective assistance of counsel."

Appellant concedes "that neither malpractice nor negligence" exists and argues that he *"may* not have had effective assistance of counsel at the trial level" (emphasis *sic*) because of the "three vital issues as identified in Assignments of Error Nos. 1, 2 and 3."

Having resolved the three assignments and finding no error and no prejudice, the fourth assignment of error is denied.

The judgment will be affirmed.

*Judgment affirmed.*

FAIN, P.J., and GRADY, J., concur.

ROBERT L. McBRIDE, J., retired, of the Second Appellate District, sitting by assignment.