OPINION
Defendant-appellant, Kermit Harris, appeals from the judgment of the trial court wherein a jury found defendant guilty of aggravated robbery, aggravated burglary, and disrupting a public service. On appeal, he raises six assignments of error challenging his conviction. For the reasons that follow, we find no merit to these arguments and affirm the judgment of the trial court.
Jack Vaughn owned Abby's Laundromat located in Cleveland, Ohio. On December 23, 1996, three males robbed this laundromat. Defendant was identified as being the person who, while brandishing a shotgun, stole money and a pistol and disabled the phone.
The state presented four witnesses. The first, James Moore, was an employee of the laundromat. He was working at 5:00 p.m. on Dec. 23rd when three males came into the laundromat. One of the males asked him to change a fifty dollar bill. Moore identified this man as the defendant. Moore stated that defendant then put his jacket in a washing machine and revealed a shotgun. Everyone was ordered to the floor. Once on the floor, Moore did not look up. He did, however, identify defendant from a photo array two weeks later.
The second witness was David Feathers. He was incarcerated with defendant in the county jail. Feathers stated that defendant admitted to robbing a laundromat with a shotgun, taking a revolver and money, and disabling a phone before he left.
Jack Vaughn, who was present during the robbery, identified defendant as the person who pulled out a shotgun and ordered everyone to lie on the ground. He further testified that the phone lines were pulled out of the wall and money was taken from a desk in the back room. Finally, Vaughn stated that a pistol belonging to Sandy Wright, a former employee, was also stolen.
The final witness for the state was Detective Tim Cercek of the Bedford Heights' Police Department. A week earlier Cercek aided in the apprehension of defendant for the shooting of a Bedford Heights police officer. The gun used in that offense was the same gun stolen from the laundromat. After discussions with the prosecutor and defense counsel, the court allowed Cercek to testify about the recovery of the gun from that incident, but not about the second crime for which defendant was arrested. Cercek then testified that on December 30, 1996, he found defendant lying on the side of the road with a bullet hole in him. Defendant then told the police officers the location of a gun. This gun was the same gun stolen from the laundromat, and defendant's finger prints were found on the clip of the gun.
Defendant presented an alibi defense. His uncle, Donald Harris, testified that defendant was at his house from 5:00 p.m. to 10:00 p.m. Shirley Tidwell stated that when she arrived at the house at 7:00 p.m. defendant was there. Finally, Gregory Harper testified that defendant was at Donald Harris's house when Harper arrived at 6:30 p.m.
The jury convicted defendant on all three counts. Defendant appealed, raising the following assignments of error.
 I. MISCONDUCT OF THE PROSECUTING ATTORNEY RESULTED IN A DENIAL OF DUE PROCESS TO APPELLANT.
In this assignment, defendant argues that he was denied due process because the prosecutor misled defense counsel by advising him that defendant made no discoverable statements. Detective Cercek testified, however, that defendant admitted that it was his gun that was found near defendant when he was arrested for the Bedford Heights shooting.[1]
This assignment lacks merit. This court recently held that the state has no obligation to provide statements by defendants not made in connection with the subject case. State v. Soke (1995),105 Ohio App.3d 226, 246. In the case at bar, defendant's statement to Detective Cercek was made not in connection with the robbery but rather in connection with the unrelated Bedford Heights shooting. Defendant was aware, furthermore, of this testimony prior to trial. Detective Cercek's name was provided on the witness list on September 10, 1997, almost three months before trial. Moreover, on the day before trial, when discussing the substance of Detective Cercek's testimony, the prosecutor stated that "defendant admitted at the time he was arrested that that was his gun." (Tr. 12.) Thus, even though the state had no obligation to provide that statement to the defense, defense counsel was aware of the statement prior to trial. Accordingly, defendant's first assignment is overruled.
 II. APPELLANT WAS PREJUDICED BY THE ADMISSION OF "OTHER ACTS" EVIDENCE AND CONSEQUENTLY DID NOT RECEIVE A FAIR TRIAL.
In this assignment, defendant argues that the testimony concerning the subsequent recovery of the gun was improper evidence of other acts. Evidence of other acts is admissible if it "tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."State v. Lowe (1994), 69 Ohio St.3d 527, 530. Evidence of other acts is not admissible, however, to show a defendant's propensity or inclination to commit an offense. State v. Curry (1975),43 Ohio St.2d 66. Defendant contends that testimony revealing that defendant was involved in some type of subsequent criminal activity would allow the jury to conclude improperly that since defendant was involved in subsequent criminal activity, it is likely he committed the crime for which he was charged.
This assignment lacks merit. First, never in Detective Cercek's testimony did the officer specify that defendant was arrested for any specific crime. More importantly, the evidence was not offered to show a propensity for criminal activity. It was offered to rebut defendant's alibi defense by showing that he was in possession of the gun which had been stolen from the laundromat earlier that week. Accordingly, the trial court did not err in permitting Detective Cercek's testimony.
 III. APPELLANTS CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
In the third assignment, defendant argues that his conviction was against the manifest weight of the evidence. In State v.Thompkins (1997), 78 Ohio St.3d 380, 386, the Court discussed a challenge to the weight of the evidence.
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence,
offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence
sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's, supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.")
Thompkins at 387.
This assignment lacks merit. Two eyewitnesses identified defendant at the crime scene, and defendant was later found in possession of a gun stolen during that crime. Accordingly, the jury did not lose its way and create a manifest miscarriage of justice.
 IV. APPELLANT WAS CONVICTED BY INSUFFICIENT EVIDENCE.
Defendant further argues that his conviction was supported by insufficient evidence. In addition to discussing the weight of the evidence, the Thompkins Court also elaborated on a challenge to the sufficiency of the evidence. The Court stated as follows:
 The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.
 With respect to sufficiency of the evidence, "sufficiency is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction. In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982),457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663 citingJackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560.
Id. at 386-387.
In support of this argument defendant argues that the eyewitness testimony was unreliable. This argument is misplaced. The reliability of witnesses is germane to a manifest weight argument, but not to a sufficiency argument, because the court does not weigh evidence in determining sufficiency. Construing the evidence in a light most favorable to the state, we find that defendants conviction was supported by sufficient evidence. The state presented (1) eyewitness testimony of defendant committing the robbery, (2) testimony from an inmate describing defendants admission to the robbery, and (3) evidence of defendants fingerprints on the clip of the stolen gun. This evidence is certainly sufficient to support defendants conviction. Accordingly, the fourth assignment of error is overruled.
 V. THE TRIAL COURT ERRED IN PERMITTING THE STATE TO AMEND THE INDICTMENT PRIOR TO TRIAL.
Defendant argues that the trial court erred by allowing the state to amend the indictment to change the name of the victim in count one from Sandy Wright, the owner of the gun, to Jack Vaughn, the owner of the store. Although the gun belonged to Sandy Wright, the money and gun were taken from Jack Vaughn's store.
Crim.R. 7(D) permits the state to amend an indictment to change the name of the victim so long as the identity of the crime is not changed. State v. Phillips (1991), 77 Ohio App.3d 663;State v. Owens (1975), 51 Ohio App.2d 132. In the case at bar, changing the victim from Sandy Wright to Jack Vaughn did not prejudice defendant or change the identity of the crime. More importantly, the change did not alter any element the state was required to prove. Accordingly, defendant's fifth assignment of error is overruled.
 VI. THE TRIAL COURT ERRED IN REFUSING TO PROVIDE THE DEFENSE WITH A COPY OF THE GRAND JURY TRANSCRIPT WHEN A PARTICULARIZED NEED WAS SHOWN.
In this last assignment, defendant argues that the trial court erred by not providing defendant with a copy of the grand jury testimony. Upon a showing of a particularized need, however, a defendant can gain access to grand jury testimony. State v. Greer
(1981), 66 Ohio St.2d 139. A particularized need is shown when it is probable that the failure to disclose the grand jury testimony will deprive the defendant of a fair adjudication of the allegations placed in issue by the witnesss trial testimony. Id., paragraph 4 of the syllabus. This decision is reviewed under the abuse of discretion standard. State v. Brown (1988), 38 Ohio St.3d 305.
In the case at bar, the fact that on the indictment the state listed the owner of the gun as the victim, as opposed to the owner of the store which was robbed, does not create the particularized need defendant claims. This information had no effect on the defense. From the statements to the police and from the pretrials, defendant was sufficiently informed that Jack Vaughn was the owner of the store from which the gun and money were stolen. Accordingly, the trial court did not abuse its discretion in denying defendant's request for the transcript of the grand jury proceedings. Defendant's sixth assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES M. PORTER. A.J. and
ANNE L. KILEANE. J. CONCUR
DIANE KARPINSKI, JUDGE.
[1] The trial court did not allow the witness to refer to the details of or defendant's subsequent conviction for the Bedford Heights shooting.