OPINION
On March 25, 1997, at Korte's Bar in Byesville, a fight broke out between Pat Peach and Phillip Simpson. Shawn Toohey joined in the fight against Peach.
Toohey and Peach were engaged in a pushing match and were shoved into Appellant James Wertz. Toohey and appellant ended up on the floor behind the bar. Appellant was on top of Toohey, hitting and kicking him. Appellant put a hunting knife to Toohey's throat, and threatened to kill Toohey by slicing his throat.
Toohey was treated for an orbital facial fracture, a maxillary sinus fracture and extensive facial swelling.
Appellant, James L. Wertz, was indicted on two counts of felonious assault pursuant or R.C. 2903.11(A)(1) and (A)(2). The case proceeded to jury trial in the Guernsey County Court of Common Pleas. The jury was unable to reach a verdict on count one, charging him with causing serious physical harm to Toohey. Appellant was convicted on count two, which alleged that he caused or attempted to cause physical harm by use of a deadly weapon, to wit: a knife. Appellant was sentenced to seven years incarceration.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN ITS INSTRUCTIONS TO THE JURY BY GIVING CONFLICTING INSTRUCTIONS CONCERNING THE TWO COUNTS OF FELONIOUS ASSAULT.
II
 THE VERDICT AND SENTENCE ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ERRED IN DENYING THE DEFENDANT'S RULE 29 MOTION FOR JUDGMENT OF ACQUITTAL AT THE CLOSE OF THE STATE'S CASE.
 I
Appellant claims the trial court erred in his instructions to the jury as to the separate counts of felonious assault. Appellant argues that the instructions given confused the jury by requiring the jury to use the same standard for each count. We disagree.
The giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Martens (1993), Ohio App.3d 338, 343. Jury instructions must be reviewed as a whole.State V. Coleman (1988), 37 Ohio St.3d 286.
Appellant was indicted on two counts of felonious assault, R.C. Section 2903.11(A)(1) and (A)(2), arising out of the same set of facts. Count one charged felonious assault pursuant to R.C. Section 2903.11(A)(1) which states as follows:
(A) No person shall knowingly:
(1) Cause serious physical harm to another;
Count two charged felonious assault pursuant to R.C. Section2903.11(A)(2) which states as follows:
(A) No person shall knowingly:
 (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
A hung jury resulted from the jury's deliberation as to count one, but appellant was convicted of count two, causing or attempting to cause physical harm with a knife.
The trial court specifically instructed the jury several times as to the nature of the differences between the two counts of the indictment.[1] Prior to commencing the trial, the trial court also instructed the jury on the distinction between the two counts of the indictment. T. at 16.
The trial court included these specific instructions in his final charge to the jury:
 Now, throughout the case you have heard me refer to the verdicts. As I charged you when we commenced this case, there will be two verdict forms. The first verdict form refers to the first count of the indictment. Both counts of the indictment, as you know, charge the defendant with the crimes of felonious assault but so that there is no confusion the first count of the indictment charges the defendant, James L. Wertz, did knowingly cause serious physical harm on a date certain on or about the 24th day of March, 1997, to Shawn Toohey in violation of the Ohio Revised Code entitled Felonious Assault. That is then to be compared or contrasted with Count 2 of the indictment which charges on the same date, March 24, 1997, the defendant did knowingly cause or attempt to cause physical harm to Shawn Toohey by means of a deadly weapon, to wit: A knife in violation of the Ohio Revised Code entitled Felonious Assault. Keep that in mind, ladies and gentlemen, as we receive the final arguments of the attorneys.
* * *
 Now, how are the terms "serious physical harm", as charged in Count 1, and "physical harm", as charged in Count 2 of the indictments defined? Serious physical harm, as charged in Count 1 of the indictment, means any of the following: Any physical harm which involves some permanent incapacity, whether partial or total; or which involves some temporary substantial incapacity; or any physical harm which involves some permanent disfigurement; or which involves some temporary serious disfigurement; or any physical harm which involves acute pain of such duration as to result in substantial suffering or involves any degree of prolonged or intractable pain.
 How is physical harm defined in the law? Physical harm is defined as follows: Physical harm to a person or persons means any injury, illness or psychological impairment, regardless of its gravity or duration.
 Now, in Count 2 of the indictment the term "deadly weapon" is used. How is deadly weapon defined in our law? It is defined as we might expect. Deadly weapon means any instrument, device or thing capable of inflicting death and designed or specifically adapted for the use as a weapon or possessed, carried or used as a weapon.
The trial court clearly instructed the jury as to the distinction between the two counts.
Trial counsel objected on the basis that the self-defense instruction, given by the trial court as to both counts, was phrased in a manner that applied only to count two. T. at 407. As to self-defense, the trial court instructed as follows:
 Now, ladies and gentlemen of the jury, the law does not measure nicely the degree of force which may be used to repel an attack. However, if the defendant used more force than reasonably appears to be necessary under the circumstances and if the force used is so greatly disproportionate to his apparent danger as to show an unreasonable purpose to injure Shawn Toohey then the defense of self-defense is not available. * * * To establish self-defense the defendant, James L. Wertz, must prove that he was not at fault in creating the situation which gave rise to the fight between himself and Shawn Toohey, and he had reasonable grounds to believe and an honest belief that he was in immediate danger of death or great bodily harm and that his only means of retreat from such danger was by the use of deadly force and he had not violated any duty to retreat to avoid the danger.
The self-defense charge spoke not only to the use of deadly force [Count two], but also to the amount of force necessary to repel the attack [Count one]. Based upon the guilty verdict only on count two, involving the use of deadly force, we find no confusion as to the manner with which the jury was instructed.
Assignment of Error I is denied.
 II
Appellant claims his conviction of felonious assault with a deadly weapon, R.C. Section 2903.11(C()2) was against the manifest weight of the evidence, and the trial court erred in denying his Rule 29 Motion to Acquit. We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
The crux of appellant's argument is that there was no proof that any physical harm resulted to the victim by a knife. Even if the knife was present, there were no knife wounds nor allegations by the victim that he was cut with a knife. T. at 308,309.
In State v. Green (1991), 58 Ohio St.3d 239, Justice Holmes expounded upon the dicta of State v. Brooks, (1989)44 Ohio St.3d 185.
 `[t]he act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is sufficient to convict a defendant of the offense of `'felonious assault'' * * *.' Id. at syllabus.
 The act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of `felonious assault' as defined by R.C. 2903.11(A)(2). (State v. Brooks [1989], 44 Ohio St.3d 185, 542 N.E.2d 636, syllabus, explained and followed.)
From our review of the record we find that the original fight began between Pat Peach and Philip Simpson (T. at 148) and the victim Shawn Toohey joined in against Pat Peach. This was described as a pushing match. T. at 176. Appellant was thrown into the fracas when the Peach/Toohey match was shoved into him. T. at 372. Three separate witnesses testified that appellant had the victim, Shawn Toohey, on the floor behind the bar hitting him. Appellant then put a knife to Shawn Toohey's throat and stated "I'll cut your throat and I'll kill you. T. at 105, 127, 296-297. The victim, Shawn Toohey only remembers seeing someone standing over him with a knife. T. at 213. Other witnesses substantiate that appellant was over the victim, who was on the floor. T. at 105, 183, 301).
This incident was also recorded on a VCR tape marked as State's Exhibit J, which was played for the jury. Two deputies identified a knife on the video tape (T. at 273, 296) and one identified appellant's voice as stating "I'll kill you". T. at 342, 297.
The credibility of witnesses is to be determined by the trier of fact, not the reviewing court. E.g., State v. Jamison (1990),49 Ohio St.3d 162, cert. denied, 498 U.S. 881.
Based upon the evidence presented, although contra evidence was presented by witness Brian Evans (T. at 374), we find sufficient credible evidence, if believed by the jury,
to meet the test of felonious assault as explained in Green. Id.
The judgment of the Court of Common Pleas Court of Guernsey County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Guernsey County, Ohio is affirmed.
[1] A taped recording of the instructions was given to the jury at the commencement of their deliberations. T. at 433.