OPINION
This case is before the court on appeal from a judgment of the common pleas court finding appellant Michael McCauley guilty on three counts of aggravated robbery with firearms specifications and three counts of felonious assault with firearms specifications. McCauley raises one assignment of error:
 THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR DIRECTED ACQUITTAL OF FELONIOUS ASSAULT CHARGES WHEN EVIDENCE SUGGESTED ANY [SIC] ASSAULT UPON THE PARTICULAR VICTIMS NAMED IN THOSE CHARGES.
 STATEMENT OF PROCEEDINGS
On July 15, 1997, appellant Michael McCauley was indicted on three counts of aggravated robbery, in violation of R.C. 2911.01, with firearms specifications, and three counts of felonious assault, in violation of R.C. 2903.11, with firearms specifications. Following a jury trial, McCauley was found guilty on all six counts. The court merged all six firearms specifications into the first count. On December 22, 1997, the trial court sentenced McCauley to six years imprisonment on each of the aggravated robbery charges, five years imprisonment on each felonious assault charge, and three years on the gun specifications, all sentences to run concurrently. This appeal was timely filed on January 21, 1998.
 FACTS
Six witnesses testified against McCauley at trial: the three victims, the owner of a vehicle involved in the crime, and two Cleveland police officers. The victims, Randall Bennett, Roy Bailey and Henry Lewallen, testified that they were walking down Eve Avenue in Cleveland near Bennett's home at approximately midnight on June 4, 1997. Two men (one of whom they identified as McCauley) approached Bennett, Bailey and Lewallen, pointed guns at them, and told them to drop their pants. The men took a telephone, a pager and $20 in cash from Bennett, a pager from Bailey, and a pager from Lewallen. The men then walked or ran away.
Bennett ran to his house; Bailey and Lewallen followed the robbers to a car parked on Elton Avenue. The robbers shot at them. Bennett met Lewallen on the street, and they got in Lewallen's car and attempted to find the robbers. They then returned to Bennett's home and spoke with police, who had been called by Bennett's mother.
 LAW AND ANALYSIS
McCauley argues the court should have granted his motion for a judgment of acquittal as to two of the felonious assault charges because the evidence showed the robbers only shot at one of the victims, Roy Bailey. Randall Bennett was in his house while the shooting took place, so no shots could have been fired at him. Lewallen was on the opposite side of a van when the first shot was fired at Bailey and was some distance behind Bailey when three shots were fired at Bailey later.
Even if we accept appellant's characterization of the facts, however, they did not entitle him to judgment as a matter of law. The crime of felonious assault is defined in R.C. 2903.11 as follows:
(A) No person shall knowingly:
* * *
 (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance, as defined in section 2923.11 of the Revised Code.
First, "[t]he shooting of a gun in a place where there is a risk of injury to one or more persons supports the inference that appellant" knowingly attempted to cause physical harm to those persons. State v. Gregory (1993), 90 Ohio App.3d 124, 131; cf.State v. Cartellone (1981), 3 Ohio App.3d 145, 149 (no evidence appellant knew of presence of two innocent bystanders, and they were not harmed). Here, the evidence showed McCauley fired multiple shots toward Bailey and Lewallen. This was sufficient for the jury to find McCauley feloniously assaulted both Bailey and Lewallen.
Moreover, the evidence supported the conclusion that McCauley and his accomplice pointed guns at Bennett, Bailey and Lewallen and told them not to run or try to move and to be quiet. These actions demonstrate their intent to cause physical harm by means of a deadly weapon. "[T]he act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of `felonious assault' as defined by R.C. 2903.11(A)(2)."State v. Green (1991), 58 Ohio St.3d 239, syllabus; State v. Brooks (1989), 44 Ohio St.3d 185.
Accordingly, we find McCauley's assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J. and
PATRICIA A. BLACKMON, J. CONCUR
KENNETH A. ROCCO, J.