DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
A Lorain County Common Pleas jury convicted Michael Smith ("Smith") of assault in violation of R.C. 2903.13(A), resisting arrest in violation of R.C. 2921.33(A), and felonious assault in violation of R.C. 2903.11(A)(2). As a result of his convictions Smith was sentenced to eighteen months, three months and three years, respectively, to be served concurrently. Smith appeals his conviction of felonious assault in violation of R.C.2903.11(A)(2). He assigns two errors: (1) that the evidence presented at trial was insufficient to support the verdict, and (2) that the verdict was against the manifest weight of the evidence. We sustain both assignments of error.
 I.
According to the testimony of George R. Smith ("George"), on April 23, 1998, he noticed Smith, a former roommate, in an oral altercation with a friend of George's. George approached the pair hoping to settle the dispute. When George tried to intervene, he noticed that Smith was holding a Swiss Army knife with the blade open. Smith then waved the knife around and said to George, "I'm going to cut you. I'm going to get you." Smith began walking toward George, still waving the knife and shouting vulgarities. George pointed out to Smith that the police were present, and Smith stopped approaching. At that point, according to George, Smith fled on foot, throwing the knife in grass.
Patrolman Dennis R. Monschein, of the Lorain Police Department, had observed some of the altercation between Smith and George. According to Patrolman Monschein's testimony, the altercation was boisterous. He testified that Smith walked toward George waving and flailing the knife from about fifteen feet to a distance of about two and one half to three feet, and that George did not retreat. Patrolman Monschein heard George tell Smith that the police were present. At that point, according to Patrolman Monschein, Smith stopped advancing on George and turned his attention and anger toward Patrolman Monschein. Monschein indicated that he had to tell Smith twice to drop the knife, and to inform Smith that he would be shot if he did not obey the order.
The conviction for felonious assault arose out of Smith's actions toward George, not those directed toward Patrolman Monschein.
 II A. Sufficiency of the Evidence
Smith claims in his first assignment of error that the evidence presented at trial was insufficient to support a determination that he was guilty of felonious assault. The Ohio Supreme Court has articulated the following test when reviewing an assertion that the evidence was not sufficient to support the verdict:
 An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
State v. Jenks (1991), 61 Ohio St.3d 259, at paragraph two of the syllabus.
To support a conviction of felonious assault, there must have been sufficient evidence to convince a rational trier of fact beyond a reasonable doubt that Smith "* * * knowingly * * * cause[d] or attempt[ed] to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance." R.C. 2903.11(A)(2).
There was no evidence that Smith actually caused harm, and he does not contend that his knife was not a deadly weapon. At issue then is whether there was sufficient evidence to establish that Smith knowingly attempted to cause physical harm to George by means of his knife.
In order to establish a knowing attempt to cause physical harm, the state was required to demonstrate that Smith had the criminal intent to harm George, and that his conduct represented a substantial step in carrying out that intent. See State v. Brooks
(1989), 44 Ohio St.3d 185, 190-191, quoting State v. Farmer
(1951), 156 Ohio St. 214, 216. Although Smith's actions "need not be the last proximate act prior to the consummation of the felony[,]" id. at 190, "there must [have been] some overt act directed toward physical harm which [was] beyond behavior that merely causes another to believe physical harm is imminent."State v. Clark (June 27, 1991), Cuyahoga App. No. 58270, unreported.
In Brooks, and later in State v. Green (1991), 58 Ohio St.3d 239, the Supreme Court of Ohio reviewed convictions for attempted felonious assault in which the defendant pointed a gun at the victim and threatened to use it. In each, it determined the act of pointing a loaded gun at an individual while threatening to use it was sufficient to establish a violation of R.C. 2903.11(A)(2). In the earlier State v. Woods (1976), 48 Ohio St.2d 127, 131-132, overruled on other grounds (1978), 438 U.S. 910, 57 L.Ed.2d 1153, on which both Brooks and Green relied, the Supreme Court of Ohio noted the "difficulty [of] formulat[ing] a standard that excludes preparations prior to an actual attempt to commit a crime, while including, as punishable, those acts which are so dangerously close to resulting in a crime that intervention and arrest by the police are justified, even before the `last proximate act.'"
In its analysis in Woods, the Court observed that "[a] substantial step in the commission of a robbery may be quite different from that in arson, rape, or some other crime." Id.
Likewise, we find that what constitutes substantial step in the commission of felonious assault with a knife differs from what constitutes a substantial step in the commission of felonious assault with a gun, because the inherent difference in how the two weapons are used makes the point at which preparations become more than "behavior that merely causes another to believe physical harm is imminent." Clark, Cuyahoga App. No. 58270. A loaded gun, pointed at an individual is one small motion away from the completion of felonious assault.[1] All the preparatory steps have been taken; the next motion irrevocably commits the assailant to the completion of the assault. Angry verbal threats strongly corroborate the intent of the assailant to take that final step.
Pointing a knife at an individual is different from pointing a gun, even though both are deadly weapons. Pointing a knife at someone is generally only one of several steps preparatory to using it to injure another, rather than the penultimate one. That act alone, or even when accompanied by verbal threats, is equivocal as to whether the assailant was trying to harm the victim, or merely intending to frighten him, one of the primary distinctions between felonious assault, R.C. 2903.11(A)(2), and aggravated menacing, R.C. 2903.21(A). See Brooks,44 Ohio St.3d at 192.
When asked how Smith was holding the weapon, George testified that, "[H]e was just waving it back and forth." On cross-examination, George testified:
Q. [H]e never came closer than this?
 A. No, he never tried to lodge [sic] at me or nothing, but I was scared that he would try.
Q. You were scared that he would, but he never did?
A. Right.
 Q. And he never cut you, then, because he never lunged at you?
A. No.
Q. And he never caused you any physical harm?
A. No, he just mainly scared me, more than anything.
* * *
 Q. [Y]ou say that you thought he may cut you, correct?
A. Right.
Q. And you were afraid of that?
A. Right.
Q. But he never got the chance?
A. Right.
Q. And he never tried to?
A. Right.
Smith threatened harm to George. In order to find Smith guilty of felonious assault, George must have actually been harmed, or Smith must have overtly acted in a manner that made his intention to carry out his expressed threat to harm George unequivocal. See Brooks, 44 Ohio St.3d at 192. Absent either of the foregoing, his actions were merely preparatory. Here, Smith was not holding the knife in a manner that would permit him to carry out his stated intentions; he was flailing it around. George, himself, testified that he "couldn't really say what [Smith] was going to do[.]" Smith never lunged at George or took any action beyond a continuation of the verbal tirade that had originally been directed at George's friend.
Although Smith was walking toward George, when George told Smith that he should "calm down or he'd be arrested[,]" Smith stopped advancing. He "took off, walked across the street and threw the knife in the grass." According to Patrolman Monschein, Smith turned his anger toward Monschein rather than walking away. Even if he did so, such actions are not evidence of a substantial step toward harming George that went beyond mere preparation.
Because the evidence presented at trial, even if believed, would not convince a rational trier of fact beyond a reasonable doubt that Smith attempted to cause physical harm to George, the evidence was insufficient to uphold a conviction of felonious assault. See R.C. 2923.02(A); State v. Woods (1976), 48 Ohio St. 2d at paragraph one of the syllabus.
 B. Manifest Weight of the Evidence
Smith has also asserted that his conviction was against the manifest weight of the evidence. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4. Thus, because there was not sufficient evidence to support the conviction, it automatically follows that the conviction was against the manifest weight of the evidence. Smith's second assignment of error is well taken.
 III
Smith did not challenge his convictions for assault and resisting arrest. With respect to his conviction for felonious assault, because there was insufficient evidence of an overt act that went beyond mere preparation and was strongly corroborative of Smith's intent to actually harm George, Smith's first assignment of error is sustained. Smith's second assignment of error is well taken because where there is insufficient evidence to sustain a conviction, it is also against the manifest weight of the evidence. Smith's challenged conviction for felonious assault is reversed on the basis of his first, sustained, assignment of error.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT
BATCHELDER, J., CONCURS.
[1] The assailants in Brooks and Green are described as pointing a deadly weapon at an individual while threatening him. The Supreme Court of Ohio has disapproved determining whether an attempt has been completed by measuring what remains to be done, focusing instead on what steps have been taken. Here, the actions can be described identically to those in Brooks and Green. We examine how close those actions place the individual to the completion of a crime not as an absolute, but as a means of distinguishing between identically described acts when the implications of those acts are quite different with respect to whether the preparatory acts have been completed.