Because I conclude that there was sufficient evidence from which a reasonable jury could conclude that Defendant committed felonious assault, I must respectfully dissent.
As noted by the majority, R.C. 2903.11(A)(2) prohibits any person from knowingly causing or attempting to cause "physical harm to another * * * by means of a deadly weapon or dangerous ordnance[.]" R.C. 2923.02 defines the conduct necessary to constitute attempt as that which, "if successful, would constitute or result in the offense." While the offense need not be the "last proximate act" before completion of the offense, the intent to commit a crime and mere steps in preparation thereof do not constitute attempt. State v. Brooks (1989), 44 Ohio St.3d 185,190-191.
In Brooks, the Supreme Court of Ohio examined a scenario in which the defendant pointed a handgun at the victim's head and stated, "Bitch, I will kill you." Id. at 187. The Court concluded that "[t]he act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient evidence to convict a defendant of the offense of `felonious assault' as defined by R.C. 2903.11(A)(2)." Id. at 192. The Court upheld the defendant's conviction, however, noting that his contemporaneous actions and words strongly corroborated his intention to cause serious physical harm to the victim. Id. at 192. The Court made this analysis explicit in State v. Green
(1991), 58 Ohio St.3d 239, syllabus, holding that the act of brandishing a deadly weapon, coupled with threats that indicate an intention to use the weapon, is sufficient to establish a violation of R.C. 2903.11(A)(2).
In this case, George Smith testified that he approached Defendant during the course of an argument with a third person; that Defendant produced a knife; and that Defendant threatened to stab him. Mr. Smith stated that Defendant "just said that he was going to kill me, * * * and he wouldn't say why, he just kept saying he was going to kill me, he was going to kill me[.]" Although Mr. Smith testified that Defendant did not actually cause him any physical harm and did not lunge at him with the knife, he recalled:
* * *
 A: He just came up to me, just said he was going to stab me with the knife.
 Q: And how far away was he from you when he said this to you?
* * *
A: * * * He was in lodging distance.
Q: He was in what?
 A: He was in lodging distance, where he could have jumped at me.
Q: And he had the knife. Was it open?
A: Yes, it was open.
 Q: Describe for the Court what he was doing with that knife.
A: He was just waving it back and forth.
* * *
 * * * At that time I couldn't really say what he was going to do, but he acted like he was going to do something with it, that's when I got scared.
The majority concludes that "[i]n order to find [Defendant] guilty of felonious assault, [Mr. Smith] must have actually been harmed, or [Defendant] must have overtly acted in a manner that made his intention to carry out his expressed threat to harm [Mr. Smith] unequivocal." In light of Green, supra, I disagree. Defendant's action of brandishing an open knife at close range, considered in conjunction with his forthright statements that he intended to kill Mr. Smith, when viewed in a light most favorable to the prosecution, are sufficient to establish beyond a reasonable doubt the elements of felonious assault. Accordingly, I would overrule Defendant's first assignment of error.
Defendant's second assignment of error alleges that his conviction was against the manifest weight of the evidence. Specifically, Defendant has pointed to the testimony excerpted above and has noted that Mr. Smith stated that Defendant did not actually lunge at him and that Mr. Smith was frightened, but not actually harmed, by the encounter. In determining whether a conviction was against the manifest weight of the evidence, this court must:
 review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. A review of the evidence demonstrates that this is not the exceptional case in which the evidence weighs heavily in favor of the defendant. SeeState v. Otten, 33 Ohio App.3d at 340. I would, therefore, overrule Defendant's second assignment of error.
Pursuant to Green, supra, Defendant's actions are sufficient to establish the elements of felonious assault beyond a reasonable doubt. Defendant's conviction is not against the manifest weight of the evidence. For the forgoing reasons, I respectfully dissent.