concurs in part and dissents in part, saying:
I concur with the court's opinion as it relates to the first trial. However, I must respectfully dissent from the court's resolution of Defendant's third assignment of error relating to the second trial. I believe that the admission of the other bad acts evidence constitutes a clear abuse of discretion, resulting in material prejudice to the defendant. See State v. Hymore (1967), 9 Ohio St.2d 122, 128.
At the first trial, the judge excluded all evidence of the prior bad acts. However, at the second trial the court allowed the state to question Glacie about Defendant's prior abuse in the marriage. Evid.R. 404(B) precludes the admission of evidence of prior bad acts by the defendant except to show "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. In this case, there was no need to use this evidence to establish the identity of the perpetrator. This court has recently reiterated that for evidence of other bad acts to be admissible there must be substantial evidence that the defendant committed the acts and the acts must fall within one of the enumerated theories of admissibility found in Evid.R. 404(B). State v. Baker (Sept. 13, 2000), Summit App. No. 19880, unreported, at 5, citing State v. Williams (Nov. 1, 1995) Summit App. No. 16418, unreported, at 28, and State v. Broom (1988),40 Ohio St.3d 277, 282-83. The evidence at issue here does not fit into one of the exceptions and the likelihood of prejudice to Defendant is very high.
In its appellate brief the state does not even argue that the evidence was properly admitted, but merely asserts that the admission of the evidence was harmless error. The erroneous admission of such evidence must be harmless beyond a reasonable doubt. State v. Williams (1983),6 Ohio St.3d 281, 290. For the following reasons, I cannot conclude beyond a reasonable doubt that the improper evidence in this case did not result in prejudice to Defendant.
The state argues that because Defendant was acquitted of the felonious assault charge, the jury's verdict was not swayed by any taint of evidence of the other bad acts. However, the record indicates that during its deliberation the jury was uncertain about the requisite elements of felonious assault where, as here, the victim suffered no physical harm.[1] I cannot conclude beyond a reasonable doubt that the acquittal on the felonious assault charge resulted because the jury disregarded the improper evidence rather than because the jury was uncertain about the law governing felonious assault.
"[T]he admission is harmless `beyond a reasonable doubt' if the remaining evidence alone comprises `overwhelming' proof of defendant's guilt." Id., citing Harrington v. California (1969), 395 U.S. 250,254, 23 L.Ed.2d 284, 287. Here the only evidence of the rape was Glacie's testimony and the testimony of her co-worker that Glacie told her of the rape within a week after the rape. The defense counsel pointed out inconsistencies in Glacie's account of the rape, her failure to report the rape, and her ongoing contact with Defendant during the two weeks following the rape. Notwithstanding the virtual absence of corroborating evidence in support of the rape accusation, the jury convicted Defendant of rape. I do not believe that "the remaining evidence alone comprises `overwhelming' proof of defendant's guilt." SeeWilliams, 6 Ohio St.3d at 290.
Finally, in the first trial the court did not allow the other acts evidence to come in, and there was no conviction on the charge of the rape of Glacie. At the second trial, with only the other acts evidence added to the evidence presented at the first trial, the jury convicted Defendant of this rape. A finding of harmless error requires the conclusion, beyond a reasonable doubt, that the addition of the new evidence at the second trial bore no relation to the results of that trial. That conclusion is a stretch that is belied by the differing results reached by the two juries.
Given the facts and circumstances of this case, I would sustain the third assignment of error because the trial court clearly erred, and the result was not harmless beyond a reasonable doubt.
I concur with my colleagues as to the disposition of the other five assignments of error.
[1] The jury submitted to the judge a written inquiry whether felonious assault has occurred when the victim suffered no physical harm whatsoever. The jury did not wait for the judge to answer the question. Rather, the jury submitted a statement to the judge that after re-reading the instructions the jury understood the law.
R.C. 2903.11(A)(2) describes felonious assault as the attempt to inflict physical harm by means of a deadly weapon. The Ohio Supreme Court has held that intent to inflict physical harm by a deadly weapon can be found where the defendant has brandished the weapon and threatened to use it. State v. Green (1991), 58 Ohio St.3d 239, syllabus (holding that "[t]he act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of `felonious assault' as defined by R.C. 2903.11(A)(2)").