JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Lashon Goggans appeals his conviction for felonious assault with peace officer and firearm specifications. For the reasons below, the decision of the trial court is reversed.
{¶ 2} On March 8, 2000, Officer Carl Robinson and his partner Robert Ware were called to East 74th Street and St. Clair Avenue. The call to the police was made by a neighbor who claimed that Goggans stole his sister's welfare check. The neighbor advised the police that Goggans was on PCP and carrying a gun and was last seen on East 74th Street heading north toward St. Clair.
{¶ 3} Robinson and Ware responded to the call and observed Goggans talking to two women on the corner of East 74th and St. Clair. As the officers approached, Goggans ran away. Robinson chased Goggans into the backyard of 7504 St. Clair. As Robinson rounded the corner of the home, Goggans stopped on command and raised his hands. However, he then reached into his waistband for a gun and began to turn toward Robinson. Robinson shot Goggans in the ankle and then handcuffed him.
{¶ 4} Goggans denies that he was turning towards Robinson when he was shot. He claims that he was attempting to hop over a fence when his gun popped out of his waistband on impact of the shooting.
{¶ 5} The jury convicted Goggans of felonious assault with firearm and peace officer specifications (count one), carrying a concealed weapon (count two) and having a weapon while under disability (count three). The trial court sentenced Goggans to three years on the felonious assault charge, to run consecutively to three years on the specifications. He was further sentenced to six months for having a weapon while under disability, to run concurrently with the other terms. The concealed weapon charge was merged with the felonious assault charge.
{¶ 6} Goggans raises the following assignment of error on appeal:
 {¶ 7} I. APPELLANT GOGGANS' CONVICTION FOR FELONIOUS ASSAULT AGAINST A PEACE OFFICER WITH A FIREARM SPECIFICATION WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE IN VIOLATION OF THE FIFTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, TO THE OHIO CONSTITUTION.
{¶ 8} In his first assignment of error, Goggans argues that the State did not have sufficient evidence to establish all the elements required to convict him of felonious assault. We agree.
{¶ 9} To determine whether sufficient evidence existed to convict Goggans of felonious assault, we must review the evidence in a light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two at syllabus.
{¶ 10} The statute at issue, R.C. 2903.11, provides in pertinent part that:
 {¶ 11} (A) No person shall knowingly do either of the following:
{¶ 12} * * *
 {¶ 13} (2) Cause or attempt to cause physical harm to another * * * by means of a deadly weapon or dangerous ordnance.
{¶ 14} * * *
 {¶ 15} (D) Whoever violates this section is guilty of felonious assault, a felony of the second degree. If the victim of a violation of division (A) of this section is a peace officer, felonious assault is a felony of the first degree. * * *.
{¶ 16} Goggans argues that there was no evidence that he pointed his weapon at Robinson. Thus, Goggans maintains that the State failed to meet its burden of presenting sufficient evidence that Goggans attempted to cause physical harm to Robinson.
{¶ 17} The Ohio Supreme Court held in State v. Brooks (1989),44 Ohio St.3d 185, at syllabus, that:
 {¶ 18} The act of pointing a deadly weapon at another without additional evidence regarding the actor's intention, is insufficient evidence to convict a defendant of the offense of "felonious assault" as defined by R.C. 2903.11(A)(2).
{¶ 19} In Brooks, the defendant drew his handgun, pointed it at the victim's face and said that he was going to kill her. In State v.Green (1991), 58 Ohio St.3d 239, the Ohio Supreme Court also upheld a conviction for felonious assault when the defendant pointed a shotgun directly at the officer while verbally threatening him. In Green, the court followed Brooks and held that pointing a deadly weapon coupled with a verbal threat is sufficient evidence to convict a defendant of felonious assault. Id. at syllabus.
{¶ 20} This court has held that a direct threat is not the only action which raises the act of pointing a gun at a victim to the level of a felonious assault. The standard is whether there is an overt act directed toward an assault by the defendant. State v. Turner (Nov. 29, 2001), Cuyahoga App. No. 78520; State v. Clark (June 27, 1991), Cuyahoga App. No. 58270; see also, State v. Jackson (Dec. 11, 1997), Cuyahoga App. No. 72014, unreported.
{¶ 21} A review of the pertinent facts reveals that the State failed to present evidence that Goggans pointed his gun at Robinson. And, even if the evidence did support a finding that Goggans pointed his gun at Robinson, no evidence of an overt act towards causing physical harm was presented by the State.
{¶ 22} When Robinson turned the corner into the backyard of 7504 St. Clair, Goggans was approximately ten feet in front of him. When Goggans saw Robinson, he put his hands up in the air, like waved them, and turned back around, and started to run. Robinson stated that Goggans had nothing in his hands at that point.
{¶ 23} Goggans "then started — he started pulling movements toward his waist." At the time of this action, his back was to Officer Robinson. "All [Robinson] saw was his arm going up and down." Robinson testified that Goggans was running away from him.
{¶ 24} Robinson then testified as follows:
 {¶ 25} A. I told him to stop, freeze, let me see his hands. He pulled and pulled, and the gun came out.
 {¶ 26} Q. * * * [W]hen did you first see the gun?
{¶ 27} A. When he brought it to the side.
{¶ 28} Q. Okay. Describe the gun you saw.
 {¶ 29} A. All I seen was a black object coming back toward me.
{¶ 30} Q. Okay. What happened next?
{¶ 31} A. I fired my weapon.
{¶ 32} Robinson then demonstrated Goggans' actions for the jury.
{¶ 33} Q. [W]hen does [Goggans] pull his gun out?
 {¶ 34} A. After he got it out, like this, and was coming back around.
 {¶ 35} Q. Where was the defendant's gun when you fired?
{¶ 36} A. About right here. (Indicating.)
 {¶ 37} Q. [W]hich way was he facing when you fired?
{¶ 38} A. Like this. (Demonstrating)
{¶ 39} Q. Why did you fire your gun, officer?
{¶ 40} A. I was scared for my life.
{¶ 41} Q. Why is that?
{¶ 42} A. He had a gun.
{¶ 43} Officer Robinson testified that Goggans "was coming back around" towards him, and that Robinson could see the gun "coming back toward" him, and that he was scared for his life.
{¶ 44} Based on Robinson's testimony, there is no doubt that Robinson was afraid for his life; however, as explained in Clark,
felonious assault focuses on the intent of the perpetrator, not on the victim's belief that physical harm is imminent. As stated in Clark,
"there must be some overt act directed toward physical harm which is beyond behavior that merely causes another to believe physical harm is imminent."
{¶ 45} The instant case is similar to Clark where this court reversed the felonious assault conviction. During a car chase, the defendant in Clark drove his vehicle into a backyard. The police were ten to fifteen feet away from the vehicle. When the defendant exited the vehicle, he pointed a gun at the officer and ignored the officer's command to drop it. The defendant continued to point the gun at the officer as a back-up officer arrived. After a stand-off, the defendant dropped the gun. The defendant's conviction was reversed because there was no evidence of an overt act other than the pointing of the gun.
{¶ 46} In contrast, this court affirmed the convictions for felonious assault in State v. Turner (Nov. 29, 2001), Cuyahoga App. No. 78520 and State v. Jackson (Dec. 11, 1997), Cuyahoga App. No. 72014, unreported. However, in both Turner and Jackson evidence of an overt act coupled with the defendant pointing the gun at the victim was presented by the State.[1]
{¶ 47} The facts above establish that the State failed to present evidence of an overt act toward assault. Thus, evidence on each element of the felonious assault with peace officer and firearm specifications was not presented, and it was error to bring these charges to the jury.See Jenks, 61 Ohio St.3d at 259. Therefore, Goggans' challenge of the sufficiency of the evidence has merit.
 {¶ 48} II. THE CONVICTION FOR FELONIOUS ASSAULT WITH SPECIFICATIONS AGAINST MR. GOGGANS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHEN THERE WAS NO SUBSTANTIAL EVIDENCE UPON WHICH A TRIER OF FACT COULD REASONABLY CONCLUDE THAT THE ELEMENTS HAD BEEN PROVEN BEYOND A REASONABLE DOUBT.
 {¶ 49} III. LASHON GOGGANS WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10, OF THE OHIO CONSTITUTION WHEN HIS COUNSEL FAILED TO CONDUCT PRETRIAL DISCOVERY AND FAILED TO ASK FOR APPROPRIATE JURY INSTRUCTIONS.
{¶ 50} These assignments of error are rendered moot by our analysis of Goggans' first assignment of error.
{¶ 51} Accordingly, the decision of the trial court is reversed, and Goggans' conviction for felonious assault is vacated. The matter is remanded for resentencing on the remaining conviction for carrying a concealed weapon which was merged with the felonious assault.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J. CONCURS; ANN DYKE, J. DISSENTS
[1] {¶ a} In Jackson, the defendant threw a jacket at a police officer's head to distract him while he drew his gun. A second officer testified that before the defendant was shot, he looked directly at the distracted officer while pointing his gun at him.
{¶ b} In Green, the defendant had chased the victim's family member around his yard while shooting his gun three times. He then ran into the house and pointed the gun at the victim.