[Cite as *State v. Alexander*, 2011-Ohio-4911.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-100593 |
| | | C-100594 |
| Plaintiff-Appellee, | : | TRIAL NOS. B-0903031 |
| | | B-0903658 |
| vs. | : | |
| | | *O P I N I O N.* |
| ADDISON ALEXANDER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgments Appealed From Are:  Affirmed in C-100593;
                                                        Appeal Dismissed in C-100594

Date of Judgment Entry on Appeal:  September 28, 2011

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bruce K. Hust*, for Defendant-Appellant.

Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}    In the case numbered B-0903031, defendant-appellant Addison Alexander was convicted of felonious assault on a peace officer, with a firearm specification, and carrying concealed weapons.  He appealed those convictions in the appeal numbered C-100593.  Alexander was also convicted of two counts of aggravated robbery, with firearm specifications, two counts of having weapons while under a disability, and two counts of vandalism in the case numbered B-0903658.  He appealed those convictions in the appeal numbered C-100594.

{¶2}    Alexander does not raise any assignment of error as to the convictions appealed in the appeal numbered C-100594.  Therefore, that appeal must be dismissed.

{¶3}    In the appeal numbered C-100953, Alexander raises one assignment of error, which alleges that his conviction for felonious assault on a peace officer was based upon insufficient evidence.  Alexander argues, citing *State v. Brooks* (1989), 44 Ohio St.3d 185, 542 N.E.2d 636, that the evidence was insufficient to show that he had knowingly attempted to cause serious physical harm to a police officer.

{¶4}    Criminal attempt occurs when the perpetrator "purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.  To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose."  See *State v. Woods* (1976), 48 Ohio St.2d 127, 357 N.E.2d 1059, paragraph one of the syllabus.

{¶5}    The Ohio Supreme Court stated in *Brooks* that the act of pointing a firearm at another, without additional evidence regarding the actor's intention, was insufficient to convict the defendant of felonious assault.  *Brooks*, supra, syllabus. Pointing a firearm, coupled with a threat indicating an intention to use the weapon, is

sufficient to establish felonious assault. See *State v. Green* (1991), 58 Ohio St.3d 239, 569 N.E.2d 1038. The defendant's intent to cause physical harm may be inferred from his actions under the circumstances. See *State v. Seiber* (1990), 56 Ohio St.3d 4, 564 N.E.2d 408.

{¶6} In this case, three police officers were on bicycle patrol in a high-crime and drug-trafficking area. Alexander's picture had been circulated to police in connection with separate aggravated robberies of two stores in the area, during which the suspect had fired several shots. The officers recognized Alexander. One of the officers saw Alexander concealing something in his waistband as they approached. When Alexander started walking away, the officer ordered him to stop. Alexander then began to run, with the officer in pursuit. The officer identified himself as a police officer and again ordered Alexander to stop. Alexander continued to run until he reached a building where a woman was exiting. Alexander shoved past the woman and ran into a hallway of the building. The officer followed. The officer again identified himself as a police officer and ordered Alexander to stop. The officer chased Alexander down the hallway. At that point, the officer saw Alexander "fooling with his waistband." Alexander tried to escape through a breezeway door, but it was locked. Alexander then reached into his waistband "in a way that made [the officer] think [Alexander] had a firearm." Alexander turned toward the officer, drew a gun, brought the gun up, and aimed it at the officer. The officer moved to his left for cover, drew his own gun, and fired it, hitting Alexander. Alexander's gun was fully loaded and operable.

{¶7} We upheld a conviction for felonious assault in *State v. Lomache* (Nov. 22, 1989), 1st Dist. No. C-880519. Lomache had made a series of threatening telephone calls to his former girlfriend. He then called the Cincinnati police and demanded that they bring her to Fountain Square or he would go there with 200 rounds of ammunition and shoot "anything that moves." The girlfriend told police that Lomache

had a gun and was capable of violence. She also gave police a description of Lomache and his car. Police spotted Lomache in his car, headed for Cincinnati. A high-speed chase ensued. Police blocked Lomache on Vine Street in front of Fountain Square. Lomache attempted to drive onto the square, but his car became immobilized on some steps.

{¶8} Lomache refused police orders to exit from his vehicle. He also refused to place his hands in view or to throw his gun outside the car. Lomache dangled his car keys out of the window and beckoned an officer forward. When the officer refused, Lomache dropped his keys, raised his right hand, turned toward the officers, and pointed a gun at them with his finger on the trigger. The officers fired at Lomache, who was shot and ultimately arrested. We held that the jury could have concluded that Lomache's actions had been "strongly corroborative" of his intent to cause physical harm to police officers by means of a deadly weapon.

{¶9} In *State v. Roark*, 2nd Dist. No. 23559, 2010-Ohio-2841, the Second Appellate District upheld Roark's conviction for felonious assault on a peace officer, holding that the prosecution had presented sufficient evidence that Roark had taken substantial steps in attempting to cause physical harm to the officer, where Roark had failed to comply with the officer's commands, had repeatedly pointed a loaded gun at the officer while making eye contact with him, had struggled with the officer, had refused to voluntarily surrender his gun, and had not relinquished possession of the gun until he stumbled and fell to the ground.

{¶10} The Eighth Appellate District upheld a conviction for felonious assault of a police officer in *State v. Jackson* (Dec. 11, 1997), 8th Dist. No. 72014, holding that Jackson's actions demonstrated that he had intended to cause physical harm to a police officer, even though the officer had fired his weapon first, where Jackson, who had been cornered on a roof after a police chase, had thrown his jacket at the officer's head to

distract him while Jackson reached for a gun, had looked in the officer's direction while holding the gun waist high, and had pointed the gun at the officer.

{¶11} The Second Appellate District also held that the actions of the defendant, an armed "doorman" at a known drug house, were sufficient to support a conviction for felonious assault. See *State v. Ross*, 2nd Dist. No. 20031, 2004-Ohio-3093. The defendant had pointed a loaded, operable firearm with a laser pointer at police, had kept the gun pointed at an officer in spite of police orders to get on the ground, had struggled with police while attempting to close the door to the house, had refused repeated orders to drop the gun, had again pointed the gun at officers when cornered behind the door, and had continued to aim the gun at officers until being shot in the arm by police.

{¶12} The Eighth Appellate District has held that there was insufficient evidence to support a conviction for felonious assault on a police officer where there was no evidence that the defendant had pointed his gun at police, *State v. Goggins*, 8th Dist. No. 79578, 2002-Ohio-2249, where there was no evidence sufficient to enable the trial court to disregard the defendant's testimony that his intent was to throw his gun away, *State v. Clark* (June 27, 1991), 8th Dist. No. 58270, and where the defendant had pointed a gun at police in an attempt to flee, and then had backed into his car and had sped off without firing the gun after police had fired two shots into the defendant's car door, *State v. Houser* (Aug. 2, 1990), 8th Dist. No. 57224. Finally, in *State v. Cochran* (June 25, 1992), 10th Dist. No. 91AP-1371, the Tenth Appellate District held that the defendant's "aborted attempt to elude police prior to confronting them with a loaded weapon [was] alone insufficient to support a conviction for felonious assault," where the police officer had testified that Cochran "chose not to shoot his weapon."

{¶13} Taking into account all the facts and circumstances in the instant case, we cannot say that the trial court erred in concluding that Alexander's actions had been

"strongly corroborative" of his intent to cause physical harm to the police officer. Alexander was wanted in connection with crimes during which he had fired a gun. When police spotted him, he concealed something in his waistband and fled. He continued to flee, ignoring police commands to stop, until he was cornered. At that point, Alexander pulled a loaded, operable firearm out of his waistband and aimed it at a police officer, causing the officer to take cover, draw his own gun, and fire. When Alexander was shot, he finally dropped his gun. Under these facts, the trial court could have found that Alexander had been prevented from completing the assault only because the officer had shot him first.

{¶14}   We hold that the evidence, when viewed in the light most favorable to the prosecution, was such that a rational trier of fact could have found that the essential elements of felonious assault, including whether Alexander had attempted to cause physical harm to the police officer by means of a deadly weapon, had been proved beyond a reasonable doubt. See *State v. Waddy* (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819; *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following *Jackson v. Virginia* (1979), 443 U.S. 307, 99 S.Ct. 2781. The assignment of error is overruled.

{¶15}   Therefore, the judgment of the trial court is affirmed in the appeal numbered C-100593, and the appeal numbered C-100594 is dismissed.

Judgment accordingly.

**HENDON** and **CUNNINGHAM, JJ.,** concur.

Please Note:

The court has recorded its own entry this date.