**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 12a0911n.06

No. 11-3621

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**

**Aug 17, 2012**

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| WILLIAM L. JOHNSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: KEITH, GIBBONS, and DONALD, Circuit Judges.

PER CURIAM. William L. Johnson appeals his sixty-two-month sentence. For the reasons set forth below, we affirm.

Johnson pleaded guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The presentence report prepared by the probation office increased Johnson's base offense level by four levels for using or possessing the firearm in connection with another felony offense pursuant to USSG § 2K2.1(b)(6). Johnson objected to the four-level increase, asserting that the government could not prove the factual allegations of the other offense because the victim had died and that the alleged facts, even if proven, constituted aggravated menacing, a misdemeanor. After reviewing law enforcement reports and the transcript of the victim's 911 call, the district court found by a preponderance of the evidence that Johnson's conduct amounted to felonious assault and applied the four-level increase. The district court sentenced Johnson within the advisory guidelines range to sixty-two months of imprisonment.

In this timely appeal, Johnson challenges the district court's application of the four-level increase pursuant to USSG § 2K2.1(b)(6), asserting that there was insufficient evidence that he committed felonious assault. We review the district court's calculation of the guidelines range in determining whether a sentence is procedurally reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007). In reviewing the district court's guidelines calculation, we review the district court's factual findings for clear error and its legal conclusions de novo and "accord 'due deference' to the district court's determination that the firearm was used or possessed 'in connection with' the other felony, thus warranting the application of the U.S.S.G. § 2K2.1(b)(6) enhancement." *United States v. Taylor*, 648 F.3d 417, 431-32 (6th Cir. 2011).

USSG § 2K2.1(b)(6)(B) calls for a four-level increase "[i]f the defendant used or possessed any firearm or ammunition in connection with another felony offense." The increase applies if the government "establish[es], by a preponderance of the evidence, a nexus between the firearm and an independent felony." *United States v. Burns*, 498 F.3d 578, 580 (6th Cir. 2007) (internal citations omitted). According to the commentary to USSG § 2K2.1, "another felony offense" includes "any federal, state or local offense . . . punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." USSG § 2K2.1, comment. (n.14(C)). "While the particular independent felony need not be charged, the felony must be specifically identifiable in order for the government to demonstrate that 'the defendant possessed or used a gun in connection with' it." *United States v. Bullock*, 526 F.3d 312, 317 (6th Cir. 2008) (internal citations omitted).

The district court did not err in finding by a preponderance of the evidence that Johnson's conduct constituted felonious assault. Ohio's felonious assault statute prohibits a person from

knowingly causing or attempting to cause physical harm to another by means of a deadly weapon. Ohio Rev. Code § 2903.11(A)(2). The transcript of the 911 call established that Johnson pulled a gun from his back pocket and pointed it at the victim. The victim stated: "He's waving a gun around. He threatened me. He was gonna shoot me. I had to run. I barely made it home." According to the probation report, the police reports indicated that Johnson put a gun to the victim's head and threatened to kill him. While merely pointing a gun at someone, without additional evidence of the defendant's intent, is insufficient to sustain a felonious assault conviction under Ohio law, *State v. Brooks*, 542 N.E.2d 636, 642 (Ohio 1989), "the act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of 'felonious assault' as defined by R.C. 2903.11(A)(2)," *State v. Green*, 569 N.E.2d 1038, 1041 (Ohio 1991). The evidence that Johnson pointed the gun at the victim and threatened to kill him provided sufficient evidence to establish felonious assault and adequately demonstrated that Johnson used or possessed the firearm "in connection with another felony offense" to warrant application of the four-level increase pursuant to USSG § 2K2.1(b)(6).

Accordingly, we affirm Johnson's sentence.