OPINION
{¶ 1} This is an appeal from Appellant Karen Williams's conviction and sentence on one count of Felonious Assault on a Peace Officer, in violation of R.C. § 2903.11(A)(2), two counts of Inducing Panic, in violation of R.C. § 2917.31(A)(2) and R.C.2917.31(A)(3), one count of Illegal Conveyance of a Deadly Weapon upon School Grounds, in violation of R.C. § 2923.122(A) and one count of Illegal Possession of a Deadly Weapon upon School Grounds, in violation of R.C. 2923.122(B) .
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} This case arises out of an incident which occurred on February 26, 2003, at Westerville North High School.
{¶ 4} Appellant went to the school on said date to escort her daughter home from school as her daughter was involved in a dispute with some other students. According to Appellant, she was concerned for her daughter's safety because she was being harassed and threats were being made. (T. at 337).
{¶ 5} A fight occurred outside of the school building involving Appellant's daughter and a group of girls. (T. at 361-362, 370, 372-373). While this was occurring, Appellant reached into her purse and pulled out a steak knife. (T. at 233, 269, 375).
{¶ 6} According to Officers Tiburzio and Coe, who were present at the scene of the fight, Appellant acted as if she was going to stab or hurt someone, (T. at 233, 270). Officer Coe stated that Appellant pointed the knife at her midsection and fixed her focus on the officer, which caused the officer to feel threatened. (T. at 277, 300).
{¶ 7} At the time these events were taking place, school was just letting out and a number of students were present as well as many students and staff located in offices directly behind where Appellant was standing.
{¶ 8} Officer Coe drew her service revolver and ordered appellant to drop the knife and get down on the ground. (T. at 298, 300-301; 380). At this time, Appellant was placed under arrest. (T. at 381).
{¶ 9} On March 14, 2003, Appellant was indicted by the Delaware County Grand Jury on two counts of Felonious Assault, one count of Aggravated Assault, two counts of Inducing Panic, one count of Illegal Conveyance of a Deadly Weapon upon School Grounds, one count of Illegal Possession of a Deadly Weapon upon School Grounds, and one count of Resisting Arrest.
{¶ 10} Appellant entered pleas of not guilty and on October 14, 2003, the matter proceeded to jury trial.
{¶ 11} At the close of the State's case, Appellant moved for acquittal. The trial court denied the motion as to all counts except for the charge of resisting arrest which was dismissed pursuant to Crim.R. 29.
{¶ 12} The count of aggravated assault was dismissed upon the State's own motion.
{¶ 13} The jury returned a verdict finding as follows:
{¶ 14} Count One — Felonious Assault: guilty
{¶ 15} Count Two — Felonious Assault: not guilty
{¶ 16} Count Four — Inducing Panic: guilty with no finding of physical harm
{¶ 17} Count Five — Inducing Panic: guilty with no finding of physical harm
{¶ 18} Count Six — Illegal Conveyance of a Deadly Weapon on School Grounds: guilty
{¶ 19} Count Seven — Illegal possession of a deadly weapon on school grounds: guilty
{¶ 20} A sentencing hearing was held on December 1, 2003. Appellant was sentenced to five years of community control
{¶ 21} Appellant now appeals, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 22} "I. The evidence against the appellant was legally and factually insufficient to sustain a conviction for felonious assault.
{¶ 23} "II. The trial court erred in its charge to the jury as to count one — felonious assault.
{¶ 24} "III. The trial court erred in failing to charge the jury as to the offense of disorderly conduct as a lesser included offense of inducing panic.
{¶ 25} "IV. The trial court erred in overruling appellant's motion for judgment of acquittal made pursuant to Ohio Criminal Rule 29."
 I. { ¶ 26} In her first assignment of error, Appellant argues that the evidence was insufficient to sustain a conviction for felonious assault. We disagree. {¶ 1} On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
{¶ 27} Appellant was convicted of felonious assault in violation of R.C. 2903.11(A)(1) which states, "No person shall knowingly * * * cause or attempt to cause physical harm to another . . . by means of a deadly weapon or dangerous ordnance."
 {¶ 2} Appellant argues there was insufficient evidence that she "attempted to cause serious physical harm" to Officer Coe regarding the felonious assault conviction. "Serious physical harm to persons" as defined in R.C. 2901.01(A)(5) means any of the following in pertinent part:
 {¶ 3} "(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;
 {¶ 4} "(b) Any physical harm that carries a substantial risk of death;
 {¶ 5} "(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity."
 {¶ 6} An attempt is defined in R.C. 2923.02 as:
 {¶ 7} "No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense."
 {¶ 8} The Ohio Supreme Court has held that one can infer from the defendant's action under the circumstances whether the defendant possessed an intent to cause serious physical harm.State v. Seiber (1990), 56 Ohio St.3d 4, 15, 564 N.E.2d 408. InState v. Woods (1976), 48 Ohio St.2d 127, 357 N.E.2d 1059, syllabus, the Ohio Supreme Court stated that criminal attempt occurs when a defendant "purposely does or omits to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime. To constitute a substantial step, the conduct must be strongly corroborative of the actor's criminal purpose."
 {¶ 9} The act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient evidence to convict a defendant of the offense of felonious assault as defined by R.C. 2903.11(A)(2). State v.Brooks (1989), 44 Ohio St.3d 185, 542 N.E.2d 636. However, the act of pointing a deadly weapon at another "coupled with a threat, which indicates an intention to use such weapon," is sufficient evidence to support a conviction for felonious assault. State v. Green (1991), 58 Ohio St.3d 239,569 N.E.2d 1038.
{¶ 28} The victim, Officer Coe, testified that Appellant had been waving the knife form side to side but that she then "locked in on" her, focused her eyes on her and stopped moving. (T. at270-271). She testified that Appellant "squared off at her" and was "focused" and "fixated" on her, holding the knife on her midsection, where "lots of organs" are located. (T. at 300).
{¶ 29} In this case, while there was no verbal threat made by Appellant against Officer Coe, her actions in "squaring off" and locking her focus on Officer Coe constituted an ample manifestation of intent to cause injury sufficient to constitute a "threat" as that word is used in the indictment.
{¶ 30} Upon review, we find there was sufficient evidence of serious physical harm to substantiate the jury's finding of guilty as to felonious assault.
{¶ 31} Appellant also argues his convictions were not supported by the evidence. We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison (1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
{¶ 32} Upon review of the record, we find there was sufficient credible evidence presented to cause the jury to believe Officer Coe's testimony and to support the guilty verdicts.
{¶ 33} Appellant's first assignment of error is overruled.
 II.
{¶ 34} In her second assignment of error, appellant argues that the trial court erred in its charge to the jury as to count one — felonious assault. We disagree.
{¶ 35} Upon review, we find that Appellant did not objection to the felonious assault instruction at trial.
{¶ 36} "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury." Crim. R. Rule 30.
{¶ 37} An appellate court need not consider an error which could have been addressed or corrected if it could have been, but was not called to the attention of the trial court. However, it must then proceed to examine the issue under the plain error doctrine. Plain error is an obvious error or defect in the trial court proceedings, affecting substantial rights, which, "but for the error, the outcome of the trial court clearly would have been otherwise." See State v. Underwood (1983), 3 Ohio St.3d 12, 13,444 N.E.2d 1332.
{¶ 38} A jury instruction does not constitute plain error unless the outcome of the trial would clearly have been different but for the error. Id. at paragraph two of the syllabus. See also State v. Moreland (1990), 20 Ohio St.3d 58, 62. In addition, "notice of plain error is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Long, supra, at paragraph three of the syllabus.
{¶ 39} In this case, appellant has not shown that the outcome of the trial would certainly be different if the court had given a different version of the instruction.
{¶ 40} The second assignment of error is overruled.
 III.
{¶ 41} In her third assignment of error, Appellant argues that the trial court erred in not charging the jury as to disorderly conduct as a lesser included offense of the charge of inducing panic. We disagree.
{¶ 42} Appellant maintains disorderly conduct is a lesser included offense of felonious assault, and pursuant to State v.Wilkins (1980), 64 Ohio St.2d 382, 415 N.E.2d 303, under a reasonable view of the evidence, it was possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser included offense; therefore, the trial court should have instructed on the lesser included offense.
{¶ 43} An offense may be a lesser included offense of another if (1) the offense carries a lesser penalty than the other; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense, as statutorily defined, also being committed; and (3) some element of the greater offense is not required to prove the commission of the lesser offense.State v. Deem (1988), 40 Ohio St.3d 205, 210, 533 N.E.2d 294.
{¶ 44} However, "even though an offense may be a lesser included offense of another, a charge on the lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v.Thomas (1988), 40 Ohio St.3d 213, 216, 533 N.E.2d 286. The trial court must instruct the jury on the lesser included offense if it is possible for the trier of fact to find the defendant guilty of the lesserincluded offense and not guilty of the charged offense under "any reasonable view of the evidence." State v. Wilkins
(1980), 64 Ohio St.2d 382, 415 N.E.2d 303.
{¶ 45} In the case sub judice, we agree with the State's argument that it is possible to commit the crime of inducing panic without committing the crime of disorderly conduct, as in the State's example where one could circulate a false report of an impending attack without threatening harm to another where the communication is is not grossly abusive. (Appellee's Brief at 10).
{¶ 46} The third assignment of error is overruled.
 IV.
{¶ 47} In her fourth assignment of error, Appellant argues that the trial court erred in overruling her Rule 29 Motion for Acquittal on all counts. We disagree.
{¶ 48} Crim.R. 29 governs motion for acquittal. Subsection (A) states the following:
{¶ 49} "The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case."
{¶ 50} The standard to be employed by a trial court in determining a Crim.R. 29 motion is set out in State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus:
{¶ 51} "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
{¶ 52} A Crim.R. 29(A) motion for acquittal is a test of the legal sufficiency of the evidence. State v. Thompkins,78 Ohio St.3d 380, 386, 1997-Ohio-0052.
{¶ 53} Having previously found in assignment one that the evidence was legally sufficient to support the conviction of felonious assault, we will review whether there was sufficient evidence presented to support the charges of inducing panic, illegal conveyance of a deadly weapon upon school grounds and illegal possession of a deadly weapon upon school grounds.
{¶ 54} Revised Code 2917.31, Inducing Panic, states:
{¶ 55} "(A) No person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by doing any of the following:
{¶ 56} "(1) Initiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false;
{¶ 57} "(2) Threatening to commit any offense of violence;
{¶ 58} "(3) Committing any offense, with reckless disregard of the likelihood that its commission will cause serious public inconvenience or alarm.
{¶ 59} "* * *"
{¶ 60} Revised Code 2923.122, which deals with weapons control, states:
{¶ 61} "(A) No person shall knowingly convey, or attempt to convey, a deadly weapon or dangerous ordnance into a school safety zone.
{¶ 62} "(B) No person shall knowingly possess a deadly weapon or dangerous ordnance in a school safety zone.
{¶ 63} "* * *"
{¶ 64} Upon review of the evidence we find that the State presented evidence to support each element of the charges that the trial court allowed to go to the jury.
{¶ 65} Appellant's fourth assignment of error is overruled.
{¶ 66} Accordingly, the judgment of the Delaware County Common Pleas Court is affirmed.
Boggins, J. and Gwin, P.J. concur. Hoffman, J. concurring in part, dissenting in part.