[Cite as *State v. Radney*, 2016-Ohio-5328.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 103869

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## KRISTOPHER J. RADNEY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
MODIFIED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-593300-A

**BEFORE:** Stewart, J., Jones, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** August 11, 2016

**ATTORNEY FOR APPELLANT**

Robert A. Dixon
4403 St. Clair Avenue
Cleveland, OH 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

Steven N. Szelagiewicz
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH 44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Kristopher Radney raises two assignments of error challenging his kidnapping conviction. For the following reasons, we modify the conviction and remand for resentencing.

{¶2} In March 2015, the Cuyahoga County Grand Jury issued a six-count indictment charging Radney with two counts of rape, two counts of gross sexual imposition, kidnapping with a sexual motivation specification, and petty theft. The charges arose from a criminal complaint filed by the victim's parents alleging that their mentally handicapped daughter was sexually assaulted by Radney while the two were out on a date. After a bench trial, the court found Radney guilty on one of the counts of gross sexual imposition and also found him guilty of kidnapping with the sexual motivation specification. He was sentenced to three years in prison and designated a Tier III sex offender.

{¶3} The following relevant evidence was presented at Radney's bench trial.

{¶4} Radney and the victim, R.E., were high school classmates who attended special education classes together. After high school, Radney and R.E. lost touch but had recently reconnected through Facebook prior to the alleged sexual assault. Radney and R.E. arranged to go to the local mall to have dinner. Upon picking R.E. up for the date, Radney took R.E. back to his home. Once there, Radney repeatedly asked R.E. if she would come inside. R.E. finally acquiesced despite telling Radney that she wanted to

go to the mall and have dinner. Once inside the home, Radney repeatedly asked R.E. to come back with him to his bedroom. R.E. testified that she did not want to go to Radney's bedroom but eventually did. In the bedroom, Radney began undressing R.E. despite her protestations and, according to R.E., "touched her all over." R.E. testified that Radney touched her breasts and outside of her vagina. According to R.E.'s testimony, Radney would not stop touching her despite her telling him to get off of her and trying to push him away. According to R.E., Radney stopped the touching when she faked an asthma attack. Afterwards, Radney dropped R.E. off at a Walmart where R.E. called two of her friends to pick her up. When her friends declined, R.E. called her mother to come get her. When the mother arrived, R.E. told her about the events that took place at Radney's house.

{¶5} R.E.'s parents immediately filed a criminal complaint with the Bedford Heights Police Department. The police instructed the parents to take R.E. to the hospital for a sexual assault examination and the case was assigned to Detective Frankie Reed who investigated the complaint. Detective Reed contacted Radney and obtained mouth swabs for DNA testing. Radney's DNA was a positive match for DNA discovered on R.E.'s underwear.

{¶6} Radney was found guilty of gross sexual imposition ("GSI"), in violation of R.C. 2907.05(A)(5), and kidnapping, in violation of R.C. 2905.01(A)(4) with a sexual motivation specification. The court acquitted Radney of the remaining charges and

sentenced Radney to 17 months in prison on the GSI charge to be served consecutive to three years in prison on the kidnapping charge.

{¶7} In his first assigned error, Radney contends that his kidnapping conviction was against the manifest weight of the evidence because there was insufficient evidence of deception or restraint. When reviewing a lower court judgment on the basis that the verdict is against the manifest weight of the evidence, appellate courts are:

> charged with reviewing the record, weighing the evidence and credibility of the witnesses, and ultimately determining whether the jury so "clearly lost its way" and "created such a manifest miscarriage of justice that [the] conviction[s] must be reversed and a new trial ordered."

*State v. Shepherd*, 8th Dist. Cuyahoga No. 102974, 2016-Ohio-1119, ¶ 9, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). Reversal based on a manifest weight challenge is warranted "only in the exceptional case in which the evidence weighs heavily against the conviction." *Id.* at 387. "The standard of review uses the word 'manifest,' indicating that we can only reverse the trier of fact if its decision is very plainly or obviously contrary to the evidence." *State v. Thigpen*, 8th Dist. Cuyahoga No. 102467, 2016-Ohio-1374, ¶ 6.

{¶8} Radney was convicted of kidnapping in violation of R.C. 2905.01(A)(4) which provides:

> (A) No person, by force, threat, or deception, or, in the case of a victim under the age of thirteen or mentally incompetent, by any means, shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:

> (4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will;

{¶9} The indictment did not specify which of Radney's acts constituted the kidnapping; however, the judge stated at the close of trial that she believed that the state could have charged several kidnapping counts in the case because the elements of kidnapping were met when Radney deceived the victim into thinking she was going to the mall with Radney, and when Radney restrained the victim while committing the sexual acts. The court went on to analyze the facts of the case under both kidnapping theories and found that both theories independently satisfied the elements of the statute.

{¶10} Radney contends that the evidence fell short of proof beyond a reasonable doubt of the deception element because the original plans were to "go to the mall or anywhere" and that it was R.E. who suggested that they go to the mall. Additionally, Radney argues that there was not proof beyond a reasonable doubt that he ever restrained R.E.'s liberty for the purpose of engaging in sexual activity. We are not convinced.

{¶11} To begin, the decision to go to the mall for dinner was not a unilateral decision made by R.E., rather, Radney agreed to go to the mall upon R.E.'s suggestion. R.E. and Radney had made these plans before the night began and R.E. testified that she believed they were going to the mall when Radney picked her up. When it became apparent to R.E. that they were not going to the mall, she continued to tell Radney that she wanted to go to the mall. Rather than taking her there, Radney drove them back to his house where he committed the sexual acts.

{¶12} We agree with the trial court that these facts show that Radney deceived R.E. into believing that they were going to the mall when he apparently had no intention

of taking her there. Thus, we do not find that the trier of fact clearly lost its way when it found that the element of deception had been met.

{¶13} We also find that the court did not lose its way when it concluded Radney restrained R.E.'s liberty while committing the sexual acts. At trial, R.E. testified that Radney was on top of her, when he was touching her breasts and vagina. R.E. stated that she told Radney to "[l]et [her] get dressed" but that Radney told her no. R.E. testified that Radney kept getting back on top of her despite her verbal protestations and the fact that she repeatedly tried to push him off. The defense did not call any witnesses to testify or otherwise introduce evidence that would undermine or contradict R.E.'s testimony. Accordingly, we overrule the assigned error.

{¶14} In his second assignment of error, Radney argues that the court erred by finding that he did not leave R.E. in a safe place unharmed. Pursuant to statute, kidnapping under R.C. 2905.01(A)(4) is a first-degree felony unless the trier of fact finds that the victim was released in a safe place unharmed. *See* R.C. 2905.01(C)(1). If the victim is so released, then the kidnapping violation is mitigated to a second-degree felony. *Id.* Because releasing the victim unharmed is not an element of the offense of kidnapping under R.C. 2905.01(A)(4), the state is not required to offer any proof relating to this factor. *State v. Sanders*, 92 Ohio St.3d 245, 265, 750 N.E.2d 90 (2001). Rather, "the accused must plead and prove it in the nature of an affirmative defense." *Id.*

{¶15} Radney did not ask the court to consider whether the victim was left in a safe place unharmed until after the court announced its guilty finding on the first-degree

felony kidnapping charge. The state contends that the defense was required to request the finding before the court delivered its verdict and that it was improper to raise the affirmative defense after the close of evidence. Although we agree with the state that the trial court was under no obligation to consider the affirmative defense after announcing its verdict, it nevertheless did consider Radney's request for the finding in mitigation, therefore, we will review the assignment of error.

{¶16} The court concluded that R.E. was not left in a safe place unharmed because R.E. was a mentally disabled person and Radney left her at a Walmart in a city where she did not reside and where she did not have a vehicle. Tr. 300. The court concluded that this was not a safe place to leave R.E. because there was "no way [for her] to get back to where she was supposed to be." *Id.* Additionally, the court concluded that the victim was not left unharmed because Radney committed a GSI against her. *Id.*

{¶17} We disagree with the court's conclusion. The evidence in the record established that R.E. was a 27-year-old adult who had finished high school. Although R.E. was developmentally disabled, R.E.'s parents were comfortable enough with their daughter's abilities to allow her to go out on an unsupervised date with Radney, a person who was developmentally disabled as well. Radney dropped R.E. off at a Walmart, a populated and public facility, during the daytime hours. According to R.E.'s testimony, Radney told her that he had to drop her off at Walmart because he needed to go pick up his father — the implication being that there was not enough time to drop her off at home. The record further indicates that R.E. had the ability to make calls at the Walmart so she

could secure a ride home. Thus, while we acknowledge that ideally Radney should have taken R.E. home, we cannot conclude that being dropped off at a department store during the day was an unsafe location in this instance.

{¶18} Moreover, the fact that the defendant committed the offense of GSI does not, in and of itself, constitute harm to the victim for purposes of determining whether the victim was left in a safe place unharmed. *See State v. Mohamed*, 8th Dist. Cuyahoga Nos. 102398 and 103602, 2016-Ohio-1116, ¶ 36. In this case, the sexual assault nurse examiner testified that she observed no visible signs of injury to R.E. and when asked by defense counsel whether the assault left her injured in any way, R.E. answered "no." Although we recognize that GSI offenses can leave victims emotionally and/or psychologically harmed, Ohio courts have been clear that psychological harm is not the type of harm contemplated for purposes of the statutory analysis under R.C. 2905.01(C)(1). *Id.* We therefore sustain the assigned error and modify the kidnapping conviction to a second-degree felony in accordance with R.C. 2905.01(C)(1) and 2953.08(G). The case is remanded for resentencing.

{¶19} Judgment modified and remanded.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for resentencing. The trial court is hereby directed to vacate its prior sentencing order

journalized November 13, 2015 and issue a journal entry consistent with this opinion. The trial court is further directed to take all necessary administrative steps to inform the prison system of appellant's modified sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

LARRY A. JONES, SR., A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR