OPINION
{¶ 1} Defendant-appellant David Kelley appeals his conviction for felonious assault in the Stark County Court of Common Pleas. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case arises out of an August 23, 2006 incident in which Appellant allegedly threatened Nicole Schragg and Angie Giannone with a firearm. On the date of the incident, Schragg and Giannone returned home from a county fair between 11:00 and 11:30 pm. to a residence in which they resided with Shragg's daughter, Shragg's brother Robb and Deshawn Williams. Testimony at trial established Appellant frequently visited the home and often stayed overnight, but did not reside at the home. Appellant and Nicole had dated and recently broken up within the two weeks prior to the incident.
 {¶ 3} On the night in question, Appellant was visiting Nicole's brother at the home. After Nicole and Giannone returned from the fair and put Nicole's daughter to bed, they began drinking vodka and Mountain Dew with Deshawn Williams. Around 2:30 a.m., Nicole and Williams went upstairs to the attic bedroom, and Giannone went to the bedroom she shared with Robb Schragg.
 {¶ 4} Around 4:30 a.m., Nicole testified she was awoken by the sound of footsteps and Appellant opened the door to find her and Williams in bed together. She testified she saw Appellant standing in the bedroom with a gun pointing at her, screaming at her and Williams. Williams managed to escape the room, and Appellant and Nicole engaged in a scuffle. Nicole testified Appellant followed her down the steps *Page 3 
to her brother's bedroom, where Giannone was located. Appellant then followed her into the room, again pointing the gun at both she and Angie, threatening to kill both of them, stating "I'll shoot both you bitches."
 {¶ 5} Appellant was subsequently indicted on three counts of felonious assault with a firearm, felonies of the second degree. Following a jury trial, Appellant was found guilty of one count of aggravated menacing and one count of felonious assault with a firearm. The trial court sentenced Appellant to five years in prison.
 {¶ 6} Appellant now appeals his conviction, assigning as error:
 {¶ 7} "THERE WAS INSUFFICIENT EVIDENCE TO FIND THE APPELLANT GUILTY OF FELONIOUS ASSAULT AND HIS CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 8} In his sole assignment of error, Appellant argues his conviction is against the manifest weight and sufficiency of the evidence.
 {¶ 9} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."Id. at syllabus 2. *Page 4 
 {¶ 10} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983), 20 Ohio App.3d 172,175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 11} The elements of felonious assault are set forth in R.C.2903.11, which provides in pertinent part:
 {¶ 12} "(A) No person shall knowingly:
 {¶ 13} "* * *
 {¶ 14} "(2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance, as defined in section2923.11 of the Revised Code."
 {¶ 15} The syllabus of the Ohio Supreme Court's opinion in State v.Green (1991), 58 Ohio St.3d 239 holds:
 {¶ 16} "The act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of "felonious assault" as defined by R.C. 2903.11(A)(2). (State *Page 5 
 v. Brooks [1989], 44 Ohio St.3d 185, 542 N.E.2d 636, syllabus, explained and followed.)"
 {¶ 17} In Green, the Supreme Court opined:
 {¶ 18} "In State v. Brooks (1989), 44 Ohio St.3d 185, 542 N.E.2d 636, we were confronted with a case similar to the one at bar concerning the propriety of a felonious assault charge. In Brooks, the defendant was involved in a "heated conversation" with a barmaid which resulted in the defendant pointing a handgun at the woman's face and stating, "Bitch, I will kill you." Id. at 187, 542 N.E.2d at 638. We upheld Brooks' felonious assault conviction based upon the totality of the circumstances; however, we went on to say that, "[t]he act of pointing a deadly weapon at another, without additional evidence regarding the actor's intention, is insufficient to convict a defendant of the offense of `felonious assault' * * *." Id. at syllabus.
 {¶ 19} "It can be readily gleaned from our holding in Brooks,supra, that the additional evidence needed to uphold a felonious assault charge could include verbal threats as perceived by a reasonable person under the circumstances. Thus, the act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of "felonious assault" as defined by R.C. 2903.11(A)(2)."
 {¶ 20} The trial testimony in the case sub judice established Appellant pointed a loaded firearm with a round chambered at both Nicole Schragg and Angie Giannone, while stating "I'll shoot both you bitches." Accordingly, pursuant to the syllabus law set forth in Green, Appellant's conviction for felonious assault is not against the manifest weight and sufficiency of the evidence. *Page 6 
 {¶ 21} Although not separately assigned as error, Appellant raises the issue of inconsistent verdicts in his brief to this Court in support of his manifest weight argument. The Ohio Supreme Court addressed the issue of inconsistent verdicts in its decision of State v. Lovejoy (1997),79 Ohio St.3d 440, 1997-Ohio-371. The Supreme Court's syllabus inLovejoy states, in pertinent part:
 {¶ 22} "1. The several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count."
 {¶ 23} The syllabus of an Ohio Supreme Court decision states the law of the case and is binding upon all lower Ohio courts. Cassidy v.Glossip (1967), 12 Ohio St.2d 17, paragraph six of the syllabus;Grange Mut. Cas. Co. v. Smith (1992), 80 Ohio App.3d 426, 431;Bachus v. Loral Corp. (Oct. 2, 1991), Summit App. No. 15041, unreported, at 4, appeal dismissed as moot (1993), 67 Ohio St.3d 300. Moreover, the resolution of conflict between obiter dictum and syllabus law is a function reserved exclusively for the Supreme Court. See Smith v.Klem (1983), 6 Ohio St.3d 16, 18. Until the Supreme Court undertakes that resolution, "the syllabus is presumed to be the law of the case and all lower courts are bound to adhere to the principles set forth therein." Smith, supra. See, also, State v. Wilson (1979),58 Ohio St.2d 52, 60. *Page 7 
 {¶ 24} When applying the syllabus to the case sub judice, we find where, as here, the inconsistent responses are to different counts, they do not create an inconsistency in the verdicts.[1]
 {¶ 25} Appellant's assignment of error is overruled.
 {¶ 26} The judgment of the Stark County Court of Common Pleas is affirmed.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is affirmed. Costs to appellant.
[1] This case presents an interesting twist on the inconsistent verdict argument which I do not recall hearing before. If a defendant is charged in different counts with the same offense involving two different victims but the same identical conduct of the defendant is used as the basis to support each count, does a verdict of guilty on one count and not guilty on the other represent inconsistent verdicts? Such a scenario is presented in the case sub judice though perhaps not in its purist form.
If the Ohio Supreme Court shares my interest over the question posed supra, I respectfully encourage it to accept this case for review as an occasion to revisit the issue and consider whether modification, clarification, or limitation of Lovejoy is appropriate. *Page 1